Good morning, Your Honors. My name is Taye King, and I'm here on behalf of Appellants National Beverage, Shasta Beverage, and Sweetened Beverage Corp. This is also my first time before the Court, so I am hopeful that you will be as patient with me as you have been with the prior lawyers. No, don't worry about it. It's okay. In this appeal, National Beverage asks this Court to vacate the lower court's ruling enforcing a settlement agreement that had been entered into between National Beverage and Hansen Beverage, on the other hand. The grounds for this appeal are that the settlement agreement at issue is void and unenforceable. The threshold issue for our arguments are that the central component of the settlement agreement, that is, the color of the can that National Beverage is permitted to use pursuant to the settlement agreement, cannot be manufactured, cannot be made. Counsel, is it accurate to say that your theory is not that it's physically impossible, but rather that the cost is so extensive that it is financially impossible? Is that your theory? That's one of our theories. And have you established in the record the actual cost, the variance, the difference between what the cost you expected to incur and the cost you would actually incur in order to implement the settlement agreement? No, Your Honor. That has not been established. Isn't that a necessary prerequisite for the argument? Well, we believe that had an evidentiary hearing been permitted, we would have been able to develop those facts further and make them part of the record. However, because that was not permitted by the district court, we were unable to introduce that evidence. And that is why the alternative grounds that we seek here is a remand to the lower court to permit an evidentiary hearing on these issues. In support of a evidentiary hearing, did you submit affidavits by men and women knowledgeable, speculating about or estimating the cost variance that you're relying on? No, Your Honor. The declarations or affidavits that were submitted included testimony to the effect that the extra measures that were required in order to make this, the colors feasible under the agreement, would include an additional layer, a painting of a white prior to painting the green. The only issue here is the color green. Right. But no effort was made to cost that out and to say, if we did it this way, this is what it would cost us, and that's why we're arguing it's unreasonable. That wasn't done? Correct, Your Honor. Well, doesn't that mean that your impossibility claim fails as a matter of law? Well, the impossibility claim, no, I don't think that is what it means. Because? Because part of the argument is that if we are not permitted to use the color at issue without the additional expense, well, let me back up. The issue of impossibility, obviously, cost is a component of that argument. We should be permitted to have an evidentiary hearing on that issue and submit the necessary. But it said singles and said no affidavits were filed. That is correct. That would have sufficed. One of the issues, though, was this argument was not entertained by the district court. All right. I understand what you're saying. As you can tell by the transcript that we submitted, the sole focal issue by the district court was whether the agreement had been signed and whether the district court had the jurisdiction to enforce the settlement agreement. There was development. Yes. National is a sophisticated party you represent. Wasn't it reasonably foreseeable that the green color shades would appear differently on paper than on the aluminum can, given that National is a sophisticated company? National would be a sophisticated company, but I don't think that necessarily means the CEO, for example, has knowledge or expertise in the application of paint colors to aluminum versus aluminum covered with white paint, for example. And there's certainly no evidence in the record that establishes that, and other than argument by counsel that this is something that would be common knowledge in the industry, other than individuals who are familiar with this process of painting soda cans. All right. I see. Again, I believe that the sole issue really boils down to whether the issue of the color green was a material component of the agreement. And if it was material, and the parties were mistaken as to the feasibility of that color, the agreement is void and, therefore, subject to rescission. And those same arguments apply in terms of whether the party's purpose for agreeing, the sole purpose for entering into this agreement was to articulate what colors it could use in manufacturing this particular soda can, whether that purpose was frustrated by its inability to use the color that was contemplated. For these reasons, we ask that the court vacate the lower court's ruling, pardon losing my voice, in order enforcing the settlement agreement. And if the court has any other questions, I'd be happy to answer them. Thank you. Thank you, Your Honors. Good morning, Your Honors. May it please the Court. John Skanga for Hansen Beverage. This, we think, is a simple case of the one party to a settlement agreement having remorse over the deal. The district court did not abuse its discretion in deciding to enforce the agreement, and based on the evidentiary record that was presented, the impossibility and frustration of purpose arguments just simply were not supported by National at the time they presented them. I want to first mention the evidentiary hearing. The argument was that the court did not permit an evidentiary hearing, and there's absolutely no indication that National ever requested to have live testimony. They submitted affidavits and declarations. They submitted briefs. The district court conducted oral arguments, and there was absolutely no request by either party to hear live testimony, no indication that witnesses were even in the courtroom at the time. And what's interesting is that in prior proceedings on another matter, there was a contempt issue in the district court proceedings. In that situation, the parties did request an evidentiary hearing and did put on live witnesses. And in the record at 291. Listen, we got your argument well in hand. Okay. Okay. Thank you, Your Honor. And with respect to the other issues that were raised, the color issue was entirely foreseeable. Again, the declarations that were submitted from those. You covered all that. We addressed that in the brief. Are there any other issues based on the argument that's presented so far that the court would like me to address? Okay. Thank you very much, Your Honors. Any rebuttals? No rebuttals, Your Honor, unless the court has further questions for me. All right. Thanks. Thank you very much. Have us a better. Los Alamos Police Protective League. City of Los Angeles. Okay.
judges: Pregerson, Nelson, Singleton